May 30, 2023

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re: USA v. Ramirez-Abadia, # 1:09-cr-00772-BMC-1- Motion for Unsealing of Plea Hearing Transcript

Dear Judge Cogan:

I am a freelance journalist previously credentialed by the Eastern District of New York writing to request that the Court unseal the transcript of Defendant Juan Ramirez Abadia's sentencing hearing, which took place on May 16, 2023, with a corresponding docket entry for that date.

This proceeding against Mr. Ramirez was open to the public and attended by several members of the defendant's family, as well as at least one member of the news media. Although the hearing was a matter of public record, the transcript of that hearing is now under seal. That sealing is contrary to both the common law and First Amendment rights of access, and any basis for setting aside those rights and maintaining secrecy has now disappeared. The right of access is an affirmative, enforceable public right, and the standing of the press to enforce it is well settled. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

The Second Circuit has powerfully explained why public access to the adjudicatory portions of a criminal proceeding is so vital:

> There is no doubt that witnessing a sentencing in person is a more powerful experience than reading a transcript of the proceeding. A sentencing proceeding is a solemn occasion at which the judge has the weighty duty of determining the fate of another human being. A transcript of the proceeding does not convey the impact that the judge's words and actions have on the defendant and any friends or family members present. Furthermore, the ability to see the application of sentencing laws in person is important to an informed public debate over these laws. Observing the effect of laws that expand or contract the discretion of judges in imposing sentences in individual cases may provide a valuable perspective.

*United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005).

The high degree of public interest in this prosecution also bolsters the case for access to the transcript. Mr. Ramirez-Abadia is a high-profile defendant whose case has received substantial media attention and remains of interest to the public. As the Court is well aware, Mr.

Ramirez-Abadía was a key cooperating witness in the government's case against Joaquín Guzmán-Loera aka El Chapo, where he testified in open court. During his testimony, Mr. Ramírez-Abadia addressed his extradition from Brazil, the terms of his cooperation agreement, and the range of years he expected to face at sentencing:

> Q: And, you know that whenever you get sentenced, that the maximum period of incarceration that you can receive based on your agreement with the Government is 30 years; correct?
>
> A: That's right.
>
> Q: And you hope, you hope, that Government counsel will file either what's called the 5(k)(1) or a Rule 35 so that your sentence could be less; correct?
>
> A: Well, what I understand is that it's a 5(k) letter so my sentence could be reduced from 30 to 25 years, five years reduction.

*USA v. Beltran-Leyva et al - Shorty, EDNY Case# 1:09-cr-00466-BMC-RLM, Document 655, Page 71 of 179, PageID #:15423, Lines 9-18.*

The Court's docket entry for May 16, 2023, states: "The Court rejected the parties' plea agreement pursuant to Fed. R. Crim. P. 11(c)(5)."

Given Mr. Ramirez's previous public testimony regarding his cooperation agreement and the terms of his sentencing, the Court's discussion around the decision to reject the plea agreement should be made public with the unsealing of the transcript. Put simply, the public is watching this case. Its confidence in the administration of justice depends on the openness of these proceedings, particularly given Mr. Ramirez-Abadía's background as one of history's most prolific and infamous drug traffickers.

The words of Chief Justice Burger in *Richmond Newspapers v. Virginia*, 446 U.S. 555, 572 (1980), are particularly apt:

> People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. When a criminal trial is conducted in the open, there is at least an opportunity both for understanding the system in general and its workings in a particular case....

There is no basis here for the continued sealing.

I thank the Court for its consideration of the matter.

Respectfully submitted,

*/s/ signature/*

Keegan Hamilton

Phone: 206-660-0443
Email: keeganhamilton@gmail.com
www.keeganhamilton.com