UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF FORFEITURE |
| - against - | 04 CR 1064 (S-3) (BMC)<br>09 CR 772 (BMC) |
| JUAN CARLOS RAMIREZ-ABADIA,<br>    also known as "Chupeta," | |
| Defendant. | |

- - - - - - - - - - - - - - - -X

WHEREAS, on or about August 1, 2023, Juan Carlos Ramirez-Abadia (the "defendant"), entered a plea of guilty to the offense charged in Count One of the Third Superseding Indictment in United States v. Juan Carlos Ramirez-Abadia, Criminal Docket No. 04-1064 (S-3) (BMC), charging a violation of 21 U.S.C. § 848; and to the offense charged in Count One in the Indictment in United States v. Juan Carlos Ramirez Abadia, Criminal Docket No. 93-079 (EGS) transferred from the District of Columbia to the Eastern District of New York, which has been assigned Criminal Docket No. 09-772 (BMC), charging a violation of 18 U.S.C. § 1962(c) and which pleas were accepted by this Court on August 14, 2023;

WHEREAS, pursuant to 21 U.S.C. §§ 848 and 853(a) and 18 U.S.C. § 1963, the defendant has consented to the entry of a forfeiture money judgment in the amount of ten billion dollars and zero cents ($10,000,000,000.00) (the "Forfeiture Money Judgment").

IT IS HEREBY ORDERED, AJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 21 U.S.C. §§ 848, 853(a) and 853(p) and 18 U.S.C. § 1963, the

defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment.

      2.   In partial satisfaction of the Forfeiture Money Judgment, and in addition to any and all properties that have been or will be seized, restrained, and/or forfeited to the governments of Colombia or Brazil (hereinafter "the Foreign Properties"), the defendant has, to date, forfeited all right, title and interest to the United States, and as reflected on the United States Marshals Service Process Receipt Forms ("USMS-285s") docketed and filed in connection with these criminal actions, One Million, Four Hundred and Twenty One Thousand, Five Hundred and Nine Dollars and Forty Cents ($1,421,509.40). Such partial payments towards defendant's Forfeiture Money Judgment include any and all funds frozen and/or blocked by any financial institutions as a result of the designations by the United States Department of Treasury's Office of Foreign Assets Control ("OFAC") of the defendant, his relatives, family members, any associated individuals, and/or his associated and/or related entities, as a Specially Designated Narcotics Trafficker ("SDNT"), on or about August 15, 2007 and October 10, 2007.

      3.   The defendant shall forfeit any and all right, title, and interest in the following properties and all proceeds traceable thereto (collectively, "the Forfeitied Properties"):

      (a)   approximately $5 million in United States currency which, according to the defendant's sworn to Financial Disclosure Statement, was held in Liechtenstein and seized by the government of Liechtenstein; and

   (b)  any and all funds that may be recovered in the future by the United States, or the governments of Brazil, Colombia, or any other nation, pursuant to the consented to Restraining/Protective Orders, dated January 4, 2008, entered by the United States District Court for the Eastern District of New York in connection with CR 04-1064 (S-3) (BMC); and the Restraining Order, dated January 9, 2008, entered by the United States District Court for the District of Columbia in connection with CR 04-126 (EGS) (translated and certified copies of which were sent by the United States' Office of International Affairs to the Brazilian Authorities on or about January 23, 2008, pursuant to the February 21, 2001 Treaty Between the United States and Brazil on Mutual Legal Assistance in Criminal Matters), seeking to restrain $36 million in United States currency and Euros which, according to the defendant's representations to law enforcement authorities, was located in a black sports utility vehicle in Brazil but, according to the defendant has since been stolen.

  4. In addition to the Forfeiture Money Judgment, the Foreign Properties, and the Forfeited Properties, the defendant shall forfeit to the United States, or to the governments of Colombia or Brazil, any and all of his interests in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise and racketeering enterprise, identified as the "Ramirez-Abadia Organization" and/or the "Notrte Valle Cartel," including, but not limited to, any real property, including things growing on, affixed to, and found in land, and any tangible and intangible personal property, including rights, privileges, interests, claim, and securities.

  5. The Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties, and any and all partial payments towards the Forfeiture Money Judgment, are hereby forfeited as property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violations of 21 U.S.C. § 848 and 18

U.S.C. § 1962; property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. § 848; any interest in, claim against, and property or contractual rights affording a source of control over the continuing criminal enterprise in violation of 21 U.S.C. § 848; property acquired or maintained in violation of 18 U.S.C. § 1962; any interest in, securities of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise the defendant has established in violation of 18 U.S.C. § 1962; and/or substitute assets, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 1963(m).

6. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check(s), payable to the "U.S. Marshals Service" with the criminal docket numbers noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

7. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to seize and forfeit the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Propertiesand any and all partial payments towards the Forfeiture Money Judgemet, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Order.

8. The United States shall publish notice of this Order in accordance with the

custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties and any and all partial payments towards the Forfeiture Money Judgment, in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties as a substitute for published notice as to those persons so notified.

        9.      Any person, other than the defendant, asserting a legal interest in the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

        10.  The defendant shall not file or interpose any claim or petition seeking

remission or contesting the forfeiture of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding in either the United States, Colombia, or Brazil.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties to the United States or the governments of Colombia or Brazil and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties passes to the United States or the governments of Colombia or Brazil, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties to the United States or the governments of Colombia or Brazil.  Further, if any third party files a claim to the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties, the defendant will assist the government in defending such claims.  If the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 1963(m).  The defendant further agrees to repatriate to the United States any and all assets located outside of the United States to satisfy the Forfeiture Money

Judgment, including, but not limited to, any and all Foreign Properties, Forfeited Properties, and assets located in Colombia, Brazil, Liechtenstein, or elsewhere.

11. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

13. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties following the Court's disposition

of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

14. The forfeiture of the Forfeiture Money Judgment, the Foreign Properties, the Forfeited Properties and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

15. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

16. This Order shall be binding only upon the Court's "so ordering" of the order.

17. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

18. The Clerk of the Court is directed to send, by inter-office mail, two (2) certified copies of this executed Order to the United States Attorney's Office, Eastern

District of New York, Attn: FSA Law Clerk Jennifer Lai, 271-A Cadman Plaza East,

Brooklyn, New York 11201.

Dated:   Brooklyn, New York
     August 15             , 2023

                        SO ORDERED:

*Brian M. Cogan*
_____
HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK