# UNITED STATES DISTRICT COURT

Eastern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| Juan Carlos Ramirez-Abadia | ) | Case Number:  09-cr-0772 (BMC) and 04-cr-1064(BMC) |
| | ) | USM Number:  n/a |
| | ) | |
| | ) | David S. Zapp, Esq., and Johanna S. Zapp, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of a 3-count indictment in 09-0772 and 1 of a 5-count third-superseding indictment in 04-1064

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1962(d), | Racketeering Conspiracy 09-cr-0772 | 3/8/2022 | 1 |
| 18 USC 1963 | | | |

-continued on next page-

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    all open and underlying indtmts    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/14/2023
_____
Date of Imposition of Judgment

*Brian M. Cogan*
_____
Signature of Judge

Brian M. Cogan, U.S.D.J.
_____
Name and Title of Judge

12/9/2023
_____
Date

DEFENDANT:   Juan Carlos Ramirez-Abadia
CASE NUMBER:   09-cr-0772 (BMC) and 04-cr-1064(BMC)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | -continued from previous page- | | |
| 21 USC 848(e) | Continuing Criminal Enterprise 04-CR-1064 | 6/30/2007 | 1s |

Judgment — Page    3    of    9

DEFENDANT:   Juan Carlos Ramirez-Abadia
CASE NUMBER:   09-cr-0772 (BMC) and 04-cr-1064(BMC)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
20 years on count 1 of 09-cr-0772, and 20 years on count 1s of 04-cr-1064, to run concurrent for a total term of 20 years.

☑ The court makes the following recommendations to the Bureau of Prisons:
    1. Defendant to receive credit against this sentence for time served in Brazil from August 8th, 2007 to August 22nd, 2008.
    2. The BOP and Marshals Service are directed to defendant's medical conditions.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____  ☐ a.m.  ☐ p.m.   on  _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____   to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:    Juan Carlos Ramirez-Abadia
CASE NUMBER:    09-cr-0772 (BMC) and 04-cr-1064(BMC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

 5 years on count 1 of 09-cr-0772 and 5 years on count 1s of 04-cr-1064, to run concurrent for a total term of 5 years.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐ The above drug testing condition is suspended, based on the court's determination that you
            pose a low risk of future substance abuse. *(check if applicable)*
4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page    5    of    9

DEFENDANT:  Juan Carlos Ramirez-Abadia
CASE NUMBER:  09-cr-0772 (BMC) and 04-cr-1064(BMC)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:  Juan Carlos Ramirez-Abadia
CASE NUMBER:  09-cr-0772 (BMC) and 04-cr-1064(BMC)

## SPECIAL CONDITIONS OF SUPERVISION

1. If removed, the defendant may not re-enter the United States illegally.

2. The defendant shall cooperate with and abide by all instructions of immigration authorities.

3. The defendant shall not associate in person, through mail, electronic mail, the Internet, social media, telephone, or any other means with any victim of the instant offense or any individual with an affiliation to any organized crime groups, gangs or any other criminal enterprise, nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the U.S. Probation Office.

4.The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: Juan Carlos Ramirez-Abadia
CASE NUMBER: 09-cr-0772 (BMC) and 04-cr-1064(BMC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $                0.00 | $                0.00 | |

☐  Restitution amount ordered pursuant to plea agreement   $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐  fine    ☐  restitution.

   ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  Juan Carlos Ramirez-Abadia
CASE NUMBER:   09-cr-0772 (BMC) and 04-cr-1064(BMC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $  200.00  due immediately, balance due

         ☐  not later than  _____ , or
         ☐  in accordance with  ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal  _____ *(e.g., weekly, monthly, quarterly)* installments of $  _____ over a period of
       _____ *(e.g., months or years)*, to commence  _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal  _____ *(e.g., weekly, monthly, quarterly)* installments of $  _____ over a period of
       _____ *(e.g., months or years)*, to commence  _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within  _____ *(e.g., 30 or 60 days)* after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
       A forfeiture money judgment in the amount of ten billion dollars and zero cents ($10,000,000,000.00) and other property.
       See attached Order of Forfeiture under 09-cr-0772 and 04-cr-1064(BMC).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT:    Juan Carlos Ramirez-Abadia
CASE NUMBER:    09-cr-0772 (BMC) and 04-cr-1064(BMC)

## ADDITIONAL FORFEITED PROPERTY

See attached Order of Forfeiture under 09-cr-0772 and 04-cr-1064(BMC).